Points Decided.

(November 15, 1913.)

JOHN HAILEY, Librarian of the STATE HISTORICAL SOCIETY, Plaintiff, v. FRED L. HUSTON, State Auditor, Defendant.

[136 Pac. 212.]

WRIT OF MANDATE—STATE AUDITOR—APPOINTIVE OFFICERS—SALARY OF —INCREASE OF SALARY—GENERAL APPROPRIATION ACT—CONSTITUTIONAL LAW—STATUTES—TITLE TO—AMENDMENT OF.

1. Under the provisions of sec. 851, Rev. Codes, as amended by Sess. L. 1911, p. 117, the salary of the librarian of the State Historical Society is fixed at $1,200 per annum, to be paid in monthly payments.

2. The librarian of the State Historical Society is an appointive officer and not a constitutional officer.

3. Where the legislature in a general biennial appropriation act makes a larger appropriation for salaries for certain officers than the statute fixing the salary of such office provides, the salary of such officer is governed by the statute fixing the salary.

4. Under the provisions of sec. 15, art. 3, of the constitution, no law shall be passed except by bill.

5. Sec. 16 of said article 3 provides that every act passed by the legislature shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.

6. Sec. 18 of said art. 3 provides that no act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length.

7. The title to the general appropriation act for the biennial period beginning on the first Monday in January, 1913 (Sess. L. 1913, p. 637), is as follows: "An act making appropriation for the payment of salaries and compensation of officers and employees of the state of Idaho and the general expenses of state government and the supporting and maintaining of the state institutions for the period commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915, and appropriating certain sums specified for the relief of persons enumerated herein; and declaring an emergency," and in no manner states that the salary of any person or persons is intended to be increased by said act.

8. *Held,* that the salary referred to was not increased by the general appropriation act and that the statute fixing the said salary was not amended or suspended by said appropriation act.

Original application in this court for a writ of mandate to the state auditor to compel him to draw his state warrant for a certain sum over and above the salary fixed by sec. 851, as amended, as salary for the librarian of the State Historical Society. Alternative writ quashed and peremptory writ denied.

E. G. Davis, for Plaintiff, cites no authorities.

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assts., for Defendant.

Where it is uncertain whether the legislature intended to devote a larger or a smaller sum to the payment of a salary, it has been held that the doubt should be resolved by adopting the smaller amount, since the interest of the public, other things being equal, is superior to that of the individual. (23 Am. & Eng. Ency. of Law, 388; 29 Cyc. 1426; *United States v. Clough,* 55 Fed. 373, 5 C. C. A. 140; *State ex rel. Mitchell v. Bloxham,* 25 Fla. 407, 7 South. 873.)

There is nothing in the action of the legislature from which it can be determined what amount these salaries were to be increased, and therefore they remain as fixed by statute until such time as the legislature sees fit to express its intention in appropriate words. (*Holmberg v. Jones,* 7 Ida. 752, 760, 65 Pac. 563.)

SULLIVAN, J.—This is an application for a writ of mandate to the state auditor, directing him forthwith to issue his warrant in favor of petitioner for the sum of $153, the same being the amount of salary claimed to be due petitioner for the period beginning January 1, 1913, and ending September 30, 1913.

It is alleged in the petition that the plaintiff or petitioner is the duly appointed, authorized and acting librarian of the State Historical Society and has served as such from the first day of January, 1913, to and including the 30th day of September, 1913; that the defendant is the qualified and acting

state auditor of the state of Idaho and that he refuses to draw his warrant as above stated. A demurrer was filed to the petition and the case was heard upon said demurrer and the petition.

The salary of the librarian of the State Historical Society is fixed by sec. 851, Rev. Codes, as amended by Sess. Laws 1911, p. 117, which section is as follows: .

"Section 851. For such services the Librarian shall be paid a salary of Twelve Hundred Dollars ($1200) per annum, in monthly payments, and shall receive such actual and necessary expenses incurred while performing the duties prescribed in this Act; *Provided:* The aggregate sum shall not exceed Eleven Hundred Dollars ($1100) in two years; and, *Provided, further,* That the Librarian may appoint an assistant whose salary shall be Six Hundred Dollars ($600) per annum, payable monthly."

Said office of librarian of the Historical Society is an appointive office and not a constitutional office.

It will be observed that it would require an appropriation of $1,800 per year to pay the salaries of said librarian and his assistant, or $3,600 for the biennial term. Without enacting any legislation amending said section 851, as amended, the legislature in 1913 in the general appropriation bill (see Laws 1913, p. 643), appropriated the following sums:

"State Historical Society, salaries........$4,250.00
"Traveling, purchasing and express...... 750.00

Total,...............$5,000"

It appears that the legislature desired to increase the salaries of said librarian and his assistant as indicated by said general appropriation act or bill, and the board of trustees of the State Historical Society divided the excess of said appropriation over the salaries fixed by sec. 851, as follows: Librarian, per month, $17; assistant librarian, per month, $10; and upon application to the state auditor for the warrants in said amounts, he declined to draw such warrants but drew them for the amount of the salaries fixed by said sec. 851, and this proceeding is brought to compel him to draw his

warrant for the balance due on the salary of the librarian as fixed by said board.

The question then is directly presented whether the legislature can amend a salary statute or suspend its operation by a general appropriation bill appropriating a larger sum for the salaries for such office than is fixed by the salary statute.

Sec. 15 of art. 3 of the constitution provides, among other things, that no law shall be passed except by bill. Sec. 16 provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; and sec. 18 provides that no act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length. The subject of the increase of any salary is not expressed in the title of the appropriation act, and as that subject is not expressed in the title of the act, an increase of salary cannot be included in such act. And if it were included in the title to said act, the act would be obnoxious to the constitution under another provision of sec. 16, which declares that every act shall embrace but one subject and matters properly connected therewith. A general appropriation act includes one subject and an increase in the salary of an officer is another and distinct subject, and being two separate and distinct subjects, they are prohibited from being combined in one act by the provisions of said section. Under the provisions of said sec. 18, when a section of the statute is amended, it must be set forth and published at length, and as the said salary statute, sec. 851, Rev. Codes, was not set forth and published at full length, it was not amended by said general appropriation act. Here we have a specific statute fixing said salary, and it was not contemplated by the framers of the constitution that such a statute should be amended in any other manner than by specific enactment as provided by the constitution. It certainly was not contemplated that an amendment to a salary statute could be tucked away in a general appropriation bill and no reference made to it in the title of the bill. The title to said appropriation bill would not give to any member of the legis-

lature or to any other person any inkling of a purpose to increase a salary. That section of the constitution which provides that every act shall embrace but one subject and matters properly connected therewith, and that such subject shall be expressed in the title, was for the purpose of giving the members of the legislature as well as citizens generally notice of the purpose and object of the bill, and provides for titles to all bills as well as for a unity of title and subject matter. Said appropriation in the general appropriation bill would not and could not amend the statute fixing the salary of the officer referred to.

By making said appropriation, the legislature evidently desired to increase the salary of said officer, and this court is of the opinion that said desire was a laudable one and recognizes that under present conditions it would be only fair and right to increase the salary of said officer to the full amount of said appropriation intended for such purpose; but the court cannot disregard the provisions of the constitution in regard to the enactment and amendment of laws, and is compelled to hold that the appropriation made by the legislature for said office does not increase the salary of said officer nor suspend or amend the provisions of said sec. 851, Rev. Codes, as amended, fixing said salary.

If this matter were properly called to the attention of the next legislature, it no doubt will amend said statute and make an appropriation sufficient to pay the present officers the amount intended by said appropriation.

Under the law we hold that the alternative writ of mandate heretofore issued must be quashed and the peremptory writ denied. No costs are awarded in this proceeding.

Ailshie, C. J., and Stewart, J., concur.