(July 20, 1922.)

STATE ex rel. C. W. ALLEBAUGH, Plaintiff, v. E. G. GALLET, Auditor of the State of Idaho, Defendant.

[209 Pac. 723.]

STATE HISTORICAL SOCIETY — APPROPRIATION FOR EXPENSES OF — MANDAMUS.

    1. C. S., sec. 1281, imposes certain duties upon the trustees of the State Historical Society in the way of managing and conserving the property acquired by it. These duties are additional to those imposed upon the society by C. S., sec. 1277, and by sec. 1282 required to be performed by the librarian under the direction of the trustees and their performance may require additional expenditures.

2. *Held,* That the general provision in the appropriation bill for the State Historical Society for "expenses other than salaries" (Laws 1921, chap. 94, p. 182), was intended by the legislature to include expenses which the trustees might incur in the performance of their duties.

Original application for Writ of Mandate to compel State Auditor to deliver warrant. Alternative writ quashed and peremptory writ denied.

Hawley & Hawley, for Plaintiff.

The statute should be liberally construed with a view to accomplish its aims and purposes. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *State v. Jones,* 34 Ida. 83, 199 Pac. 645; *Chandler v. Lee,* 1 Ida. 349.)

When the language of a statute is ambiguous or contradictory it should in construing it be viewed in the light of the circumstances which induced its enactment and the purpose sought to be accomplished. (*Oregon S. L. R. Co. v. Minidoka County,* 28 Ida. 214, 153 Pac. 424; *Hindman v. Oregon S. L. R. Co.,* 32 Ida. 133, 178 Pac. 837.)

Where of two constructions to which a legislative act is fairly open one will carry out and the other defeat some great public purpose, the former construction should be adopted. (*State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.)

Roy L. Black, Attorney General, and Dean Driscoll, First Assistant, for Defendant.

The statute limits the amount available for expenses of any kind or character to the sum of $1,100 in two years, which amount has already been expended, leaving no appropriation available for the payment of the claim. (*Hailey v. Huston,* 25 Ida. 165, 136 Pac. 212.)

RICE, C. J.—This is an original application for writ of mandate against the defendant as state auditor. The purpose is to require him to deliver to the plaintiff a warrant for $54, the purchase price of a typewriter sold to the

Historical Society of the State of Idaho. The Historical Society is a corporation organized by special act of the legislature for the purpose of performing certain governmental or *quasi*-governmental functions.

C. S., sec. 1277, defines its duties as follows:

"It shall be the duty of said society:

"1. To collect books, maps, charts, pictures, and other papers and materials illustrative of the history of this state in particular, and generally of the northwest.

"2. To procure from pioneers narratives of their exploits, perils and adventures.

"3. To procure facts and statements relative to the history, progress and decay of the Indian tribes within the state.

"4. To collect and preserve fossils, specimens of ores and mineral object curiosities connected with the history of the state, and all such books, maps, writings, charts or other material as will tend to facilitate historical, scientific and antiquarian research.

"5. To bind, catalog and carefully preserve all unbound books, manuscripts, pamphlets and especially newspaper files containing legal notices, now in its possession or which it may hereafter receive.

"6. To biennially prepare for publication a report of its collections, and such other matters relating to the transactions of the society as may be useful to the public.

"7. To keep its rooms open at reasonable hours on business days, for the reception of the citizens of this state and others who may wish to visit the same."

C. S., sec. 1281, provides for the appointment of three trustees ". . . . who shall have the exclusive control of the property acquired from said corporation, managing and conserving the same for the use and benefit of the state of Idaho for the purposes in this chapter hereinbefore recited, and who shall have authority under this chapter to employ the services of a librarian."

C. S., sec. 1282, is as follows: "It shall be the duty of the librarian, by and under the direction of the board of trus-

tees, to do and perform, or to procure to be done and performed, all the acts specified in section 1277."

C. S., sec. 1283, is in part as follows: "It shall be the duty of the trustees to faithfully expend and apply all money received by the state of Idaho, to the uses and purposes directed by law . . . . "

C. S., sec. 1284, is as follows: "For such services the librarian shall be paid a salary of $1,200 per annum, in monthly payments, and shall receive such actual and necessary expenses incurred while performing the duties prescribed in this chapter; Provided, the aggregate sum shall not exceed $1,100 in two years; and, Provided, further, that the librarian may appoint an assistant whose salary shall be $1,200 per annum, payable in monthly instalments from and after January 1, 1919."

C. S., sec. 1285, is as follows: "For their services as trustees, the members of the board of trustees shall receive their actual and necessary expenses incurred in the discharge of their duties, including traveling and maintenance expenses, while attending or going to and from meetings of the board: Provided, that the aggregate sum of said expenses shall not exceed the sum of $225 per annum for said board."

The general appropriation bill passed by the sixteenth session of the legislature, after making appropriations for salaries of the librarian and assistant librarian, contains the following provision: "Expenses other than salaries, $3,000." (Laws 1921, chap. 94, p. 182.)

There has been expended from the appropriation for expenses other than salaries, $2,454.37. Of this amount $1,921.23 has been expended for the purpose of purchasing newspaper bindings, filing cases, museum cases, repairs and freight; $371.51 for purposes which petitioner claims are strictly librarian expenses, and $161.63 for collecting relics.

The defendant refused to issue the warrant involved in this action upon the ground that there is no appropriation available for the payment of the same.

It will be seen that it is the duty of the librarian to do and perform, or cause to be done and performed, all the acts

and things required by section 1277, that is, all of the activities for which the society was incorporated. The act of incorporation further provides a limitation upon the amount of expenses which may be incurred by the librarian in the performance of such duties.

The appropriation being only for expenses other than salaries, without including any words showing an intent to extend the purposes for which it was made, it must be held that it is limited to making provision for the expenses specified in the charter of the society.

In the case of *Hailey v. Huston,* 25 Ida. 165, 136 Pac. 212, it was held that an appropriation for the salary of the librarian of this society for a greater amount than was necessary to pay the salary fixed by law did not have the effect of increasing the amount of salary which could be paid to the librarian. In that case it was decided that under art. 3, sections 16 and 18, of the constitution, every act passed by the legislature must embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, and no act can be revised or amended by mere reference to its title, but the sections amended must be set forth and published at length. The same constitutional provisions are applicable in this case.

It is true that the limitation upon the expenses which may be incurred by the librarian of the Historical Society is statutory and is not binding upon future legislatures. Had the legislature in 1921 used any language indicative of an intent to appropriate for purposes or expenses other than those indicated by the charter of the society, doubtless the latest expression of the legislative intent would prevail. But we are unable so to construe the appropriation bill.

The alternative writ heretofore issued must be quashed, and peremptory writ denied.

Dunn and Lee, JJ., concur.

(October 19, 1922.)

### ON REHEARING.

RICE, C. J.—A petition for rehearing was granted, and the cause has been again presented.

We have reached the conclusion that our former construction placed upon the appropriation bill was too narrow, and that it fails to give effect to the legislative intent.

C. S., sec. 1281, imposes certain duties upon the trustees in the way of managing and conserving the property acquired by the Historical Society. These duties are additional to those provided for by C. S., sec. 1277. Their performance may require additional expense. We conclude, therefore, that the general provision in the appropriation bill for expenses other than the salaries was intended to cover expenses which the trustees might incur in the performance of their duties. In so construing the appropriation bill, no conflict arises in the various statutes relating to the Historical Society. *Hailey v. Huston,* 25 Ida. 165, 136 Pac. 212, is not in conflict with our conclusion in this case.

The writ will be granted. No costs awarded.

Budge, McCarthy, Dunn and Lee, JJ., concur.