EDUARDO UGARTE, demandante y apelante, *v.* LESLIE A. MAC-LEOD y RAFAEL SANCHO BONET, en su carácter de AUDITOR y TESORERO DE PUERTO RICO, respectivamente, demandados y apelados.

Núm. 8011.—*Sometido:* Enero 23, 1940.—*Resuelto:* Mayo 23, 1940.

*C. H. Juliá,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *Emilio de Aldrey, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La sección 2 de la "Ley para crear dos plazas de taquígrafo para sala, adicionales, para la Corte de Distrito del Distrito Judicial de San Juan, . . .", aprobada el 18 de abril de 1928 (leyes de ese año, pág. 129) lee así:

"Dichos empleados serán nombrados por los jueces de la Corte de Distrito del Distrito Judicial de San Juan, y disfrutarán de un haber anual de mil ochocientos (1,800) dólares cada uno."

La cuestión fundamental aquí envuelta es si las disposiciones de leyes posteriores de presupuesto que redujeron los sueldos de estos dos taquígrafos son inconstitucionales por infringir el párrafo noveno del artículo 34 de la Carta Orgánica, que dispone:

"No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título fuere incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título."

Existen dos líneas de casos. .Ejemplos lo son *Hailey* v. *Huston*, 136 P. 212, citado por ·el apelante, y *State* v. *Clausen*, 138 P. 653, por los apelados. En *State* v. *Clausen* la Corte Suprema del Estado de Wáshington dijo:

"Si la Asamblea Legislativa puede, en una ley general de presupuesto, aumentar o no el sueldo de un funcionario cuyo salario ha sido anteriormente fijado por una ley general, y, de poder hacerlo, si el título de la ley general de presupuesto de 1913 es suficiente de acuerdo con el artículo 2, incisos 19 y 37, de la Constitución del Estado, son las cuestiones a resolver. Estas cuestiones se confunden de tal modo que no trataremos de discutirlas separadamente, sino que consideraremos el caso en el orden en que naturalmente se presenta.

"*    *    *    *    *    *    *

"Si se considerara la ley de presupuesto como una ley enmendatoria de la de 1890, la contención del querellado de que la misma viola el inciso 37, tendría algún mérito; y es en la teoría de que la ley de presupuesto es una ley enmendatoria de la anterior que los casos citados por el Procurador General Auxiliar se fundan; mas este tribunal ha resuelto que ese inciso no es aplicable a una· ley que es completa de por sí, aunque ella derogue implícitamente una ley anterior sobre la misma materia o se le considere como sustituta de una ley anterior sobre el mismo asunto. Esta fase de la ley ha sido discutida tan ampliamente en el caso de *Spokane Grain & Fuel Co.* v. *Lyttaker*, 59 Wash. 76, 109 P. 316, que no trataremos de investigarla más ampliamente, sino que más bien procederemos a discutir la cuestion de si el título de la ley (copiado ya en su totalidad) es suficiente para sostener la ley de presupuesto considerándola como una ley que deroga o suspende por implicación la ley anterior.

"*    *    *    *    *    *    *

· "A este respecto el querellado nos cita los siguientes casos: *State* v. *Cutler*, supra (34 Utah 99, 95 P. 1071); *State* v. *Steele*, 57 Tex. 200; *State* v. *Cook*, 57 Tex. 205; *Hailey* v. *Huston* (Idaho), 136 P. 212.

"El caso de Cutler es contrario a nuestra conclusión. En él la corte procedió en la teoría de que la ley de presupuesto era enmendatoria de la original, y de que no era una ley completa sobre el mismo asunto. La corte admite:

" 'Es cierto que resolvimos en el caso de *Mill* v. *Brown*, 31 Utah 473, 88 P. 609, 120 Am. St. Rep. 935, y en *Marioneaux* v. *Cutler*, 32 Utah 475, 91 P. 355, de conformidad con la gran mayoría de las autori-

dades, que esta disposición constitutional no es aplicable a leyes independientes, y además que cuando existe un conflicto irreconciliable entre una ley posterior y una anterior, la posterior deroga implícitamente la anterior.'

"El caso de Steele también sostiene la contención del querellado. Examinando el caso de Cook, vemos que él no toca el principio aquí envuelto. En el caso de Huston el sueldo del bibliotecario de la Sociedad Histórica del Estado había sido fijado por una ley general. La Asamblea Legislativa en el año 1913 asignó una suma mayor *in solido* para sueldos. El título de la ley era en efecto, de no serlo en sus términos, tan amplio como el nuestro. El razonamiento de la corte fué el siguiente: 'Por cierto no fué la intención que una enmienda a un estatuto que fijara un sueldo pudiera ser intercalada en una ley general de presupuesto sin hacerse referencia al mismo en el título de la ley. El título de dicha ley de presupuesto no le da a ningún miembro de la Asamblea Legislativa ni a ninguna otra persona la menor idea de la intención de aumentar un sueldo. El artículo de la Constitución que dispone que ninguna ley contendrá más de un asunto y aquellas cuestiones relacionadas con el mismo, y que tal asunto deberá ser expresado en su título, se adoptó con el fin de informar a los miembros de la Asamblea Legislativa, al igual que a los ciudadanos en general, del fin y objeto de la ley, y provee además que toda ley tendrá un solo título y no contendrá más de un asunto.'

"De lo ya dicho se verá que la noción que tenemos del sitio que la persona que trata de determinar el sueldo de un funcionario buscaría no está de acuerdo con la de la corte de Idaho. Dicha corte, al igual que las de Tejas y Utah, consideran la ley que hemos mencionado como enmendatoria más bien que como una ley completa e inconstitucional. La corte no examina la jurisprudencia ni cita autoridades y, a nuestro juicio, la decisión no está sostenida por autoridad alguna ni por un sano juicio."

El párrafo 8 del artículo 34 de nuestra Carta Orgánica lee en parte así (bastardillas nuestras): "No se aprobará ningún proyecto de ley, *con excepción de los de presupuesto general,* que contenga más de un asunto, el cual deberá ser claramente expresado en su título. . ." Prohibiciones similares en las Constituciones de los Estados de Wáshington y Idaho no parecen haber tenido semejante excepción. Una opinión disidente emitida en el caso de Clausen se basó de

plano en el hecho de que el título de la ley de presupuesto no ''incluía el asunto de cambio de sueldo de un funcionario'', y no en la disposición constitucional de nuestro párrafo 9, supra. Véase también *Spokane Grain & Fuel Co.* v. *Lyttaker,* 59 Wash. 76, 109 P. 316, supra, considerado en el caso de Clausen, a fin de obviar la necesidad de entrar más detenidamente en la primera de las dos cuestiones allí presentadas. La disposición que prohibe que se hagan enmiendas a las leyes refiriéndose simplemente a su título es substancialmente igual a la nuestra.

En 59 Corpus Juris 868-873, citado por los apelados, hallamos:

''Sección 454.—Cuando se aprueba una ley como legislación original e independiente y ella es de por sí completa en tanto en cuanto se aplica al asunto propiamente comprendido por su título, y no exige que uno se refiera a ningún otro estatuto para hacerla inteligible y para determinar su significado y alcance, la misma no cae dentro del espíritu o campo de las disposiciones constitucionales que prohiben que se hagan enmiendas por referencia al título solamente y que requieren que los estatutos enmendados sean redactados y publicados de nuevo, tal cual han sido enmendados . . . Tales disposiciones se dirigen contra la práctica de enmendar o revisar leyes o de hacerles otras alteraciones que, sin tener a la vista la ley original, resultan ininteligibles, y se limitan a estatutos que son estrictamente enmendatorios . . . .

''Sección 455.—Se ha resuelto uniformemente que las disposiciones constitucionales no fueron redactadas con el propósito de abolir el poder de la Asamblea Legislativa de aprobar leyes que enmiendan legislación preexistente tan sólo por inferencia, y si un estatuto o ley es de por sí completo e inteligible sin necesidad de que se haga referencia a otra legislación, no cae dentro de la prohibición de las disposiciones constitucionales por razón del hecho de que enmiendan tácitamente otros estatutos, y no es menester que tales estatutos sean redactados de nuevo y copiados en su integridad, tal cual han sido modificados.

''Sección 456.—En apoyo de la regla antes enunciada se ha dicho que cualquier disposición legislativa nueva puede decirse que en algún sentido enmienda el sistema anterior de leyes, y que si fuera necesario que todos los estatutos anteriores que resultan modificados im-

plícitamente por una nueva ley fueran reenactados y publicados de nuevo en su totalidad tal cual quedan modificados, entonces sería necesario publicar de nuevo gran parte de las leyes del Estado en toda sesión legislativa y partes de ellas varias veces, hasta que por la inmensidad del material resultara imposible entender cuál era la ley. Cualquiera otra interpretación que se diera a las disposiciones constitucionales resultaría en un mal mayor que el que se trató de corregir y haría prácticamente imposible legislar.''

Nuestra conclusión es que las disposiciones de las leyes posteriores de presupuesto general que redujeron el sueldo del peticionario no eran inconstitucionales.

Otras cuestiones suscitadas en el alegato del apelante no requieren seria consideración o han sido resueltas adversamente al apelante en los casos de *De la Vega* v. *Sancho Bonet, Tesorero,* ante pág. 753, y *Nazario* v. *Winship,* ante pág. 837.

Véase también *Soto Zaragoza* v. *MacLeod et al.,* ante pág. 807.

*Debe confirmarse la sentencia de la corte inferior.*