(December 17, 1894.)

## THATCHER v. QUIRK.

[38 Pac. 652.]

NEW TRIAL—INSTRUCTIONS.—Voluminous instructions tend to mislead and confuse the jury and should not be given.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Wood & Wilson, for Appellant.

The statute, section 4441, subdivision 3, requires the same proceedings for the settlement of a statement after the same is filed with the clerk "as are required for the settlement of bills of exception by section 4430." Section 4430 also makes it the duty of the court, in settling the bill, to strike out all redundant and useless matter, so that the exceptions may be presented as briefly as possible, while section 4428 provides that "only the substance of the reporter's notes of the evidence shall be stated" in settling the exceptions. The California statutes are very similar to the foregoing. (Cal. Code Civ. Proc., secs. 648, 650, 659.) The objection to the settlement of the statement, for the reason given, being apparent in the record, the same "may be urged as a reason why the new trial should be denied both in the lower court on the hearing of the motion, and in the supreme court upon appeal from the order granting or refusing a new trial." (Hayne on New Trial and Appeal, 402-409; *People v. Getty,* 49 Cal. 584; *Caldwell v. Parks,* 50 Cal. 503; *Valleau v. Superior Court of San Francisco,* 62 Cal. 290.)

S. H. Hays and H. Z. Johnson, for Respondent.

In the absence of a direct appeal from an order settling a statement, the action of the trial judge is final and conclusive, subject, however, to paragraph 7 of rule 27 of the rules of this court and of the right of this court to disregard redundant and useless matter in the determination of the suit upon

its merits. (*In re Gates,* 90 Cal. 257, 27 Pac. 195; *Wolff v. Wolff,* 102 Cal. 433, 36 Pac. 767, 1037.) "A court should lean in favor of giving to litigants every reasonable opportunity of presenting their cases on the merits, and rules of procedure should be made to serve their true purpose of expediting and facilitating the disposition of causes according to their merits rather than to convert them into means of obstruction." (*Flagg v. Puterbaugh,* 98 Cal. 134-136, 32 Pac. 863.)

Ejectment by John A. Thatcher against Patrick Quirk to recover possession of a small tract of land said to be in the northeast corner of Boise City. The plaintiff claims title and right to possession. Defendant denies title of plaintiff, and pleads the statute of limitations. The cause was tried before the court and a jury on December 23, 1891, resulting in a verdict for the plaintiff. Thereupon judgment was entered for plaintiff, and against defendant, for possession. Defendant moved for a new trial, assigning some thirty-five specifications of error in the court below. A statement was prepared on the motion for new trial by defendant, submitted to and settled by the court, upon which the motion was heard. The statement is voluminous, and contains a large amount of evidence. The court below, upon a hearing on the motion for new trial, granted the motion and ordered a new trial. From this order the plaintiff appeals to this court. Affirmed.

MORGAN, J. (After Stating the Facts as Above.)—The statement on motion for new trial was prepared by the defendant, and is objected to by the plaintiff because of its length and the mass of testimony it contains. To intelligently pass upon this objection would require an extended and careful examination of the evidence therein as applied to the issues, and would necessarily consume much time. In the view we take of the case, this is not necessary. The principal objection of the defendant in the court below was to the instructions given by the court upon its own motion. We have made a careful examination of these instructions, and are constrained to say that such principles of law as they contain are lost in an

intricate maze of words.  They are unnecessarily lengthy, and, while much of the language might be appropriate in a treatise on adverse possession and kindred subjects, it is out of place in an instruction to the jury.  Such voluminous instructions tend to uncertainty, and lose the jury and the issue.  We fully agree with the court below in ordering a new trial.  Judgment affirmed.  Costs awarded to respondent.

Huston, C. J., and Sullivan, J., concur.