## Kerr v. Kiskiminetas Township, Appellant.

*Negligence—Townships—Defective road—Guard rail.*

1. In an action against a township to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff tends to show that at the time of the accident plaintiff was driving a one-seated buggy with another woman and two children along a public highway; that the plaintiff's horse was directed homeward, and was ascending a hill, when it approached a point in the road estimated at from nine to fourteen feet wide with an embankment on one side and a steep declivity on the other, without any guard-rail; that at this point plaintiff met another team; that the two horses stopped; and that immediately thereafter plaintiff's horse began to back down across the road over the declivity, and plaintiff was thrown out and injured.

2. In such a case it is for the jury to determine whether or not the supervisors should have foreseen that one of the natural consequences of the absence of a guard-rail was that upon the meeting of two vehicles at the point in question a horse might become restless and back over the declivity, particularly a horse obliged to stop while approaching his home and going up hill.

Argued Oct. 9, 1912. Appeal, No. 72, Oct. T., 1912, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1911, No. 39, on verdict for plaintiff in case of Rose Kerr v. Kiskiminetas Township. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before PATTON, P. J.

The circumstances of the accident are stated in the
opinion of the Supreme Court.

Verdict for plaintiff for $7,000 upon which judgment
was entered for thirty-five hundred dollars all in excess
of that amount having been remitted.    Defendant ap-
pealed.

*Error assigned,* among others, was in refusing binding
instructions for defendant.

*J. W. King,* with him *J. H. Painter,* for appellant,
cited: Cage v. Franklin Twp., 11 Pa. Superior Ct. 533;
Dixon v. Butler Twp., 4 Pa. Superior Ct. 333; Nichols
v. Pittsfield Twp., 209 Pa. 240; Chartiers Twp. v. Phil-
lips, 122 Pa. 601.

*Clarence O. Morris,* with him *H. A. Heilman,* for ap-
pellee, cited: Closer v. Washington Twp., 11 Pa. Supe-
rior Ct. 112; Herr v. Lebanon, 149 Pa. 222.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6,
1913:

This was an action of trespass to recover damages for
personal injuries alleged to have been suffered by the
plaintiff as a result of the negligence of the defendant
township.    On August 20, 1910, at about 5 o'clock p. m.,
the plaintiff, Mrs. Rose B. Kerr, was driving a one-
seated buggy along a public highway, accompanied by
her mother-in-law, and her two sons,—the latter partly
standing and partly resting upon the knees of the two
women.    The older boy, who was about eleven years of
age, drove about three-quarters of a mile, when another
team was seen approaching from the opposite direction;
the plaintiff then took the reins and guided the horse to
the right side of the road where she brought it to a stop;
the other team came along until the two horses were side

by side. At this point the road is bounded on one side by an embankment and on the other side by a depression or declivity about fifty feet in length, which was described by a number of witnesses as "very steep." There is a conflict in the testimony as to the width of the road at the place where the accident occurred, some of the witnesses giving it as but nine feet and others stating it to be as much as fourteen feet. Mrs. Kerr and her witnesses testified that after the two teams came opposite each other the horse which the plaintiff was driving began to back down across the road over the declivity; that she endeavored to stop it, but before she was able to do so both she and her mother-in-law were thrown out of the side of the buggy, and that she was caught between the vehicle and a tree and seriously injured. It was contended that the accident happened as a result of the failure of the township supervisors to maintain guard-rails or barriers along the lower side of the road next to the declivity, and that their neglect in this regard rendered the highway unsafe for travel. The jury brought in a verdict in favor of the plaintiff and judgment was entered thereon; the defendant has appealed.

The appellant states the first question involved to be, "Is the backing of a horse an ordinary habit or is it a vice?" We are not convinced that this is strictly a question of law, but incline to the belief that it falls rather within the realm of facts, and as such it was properly submitted to the jury by the learned trial judge.

From the evidence the jury could have found that at the point of the declivity the road was too narrow for two vehicles safely to pass one another, and it was left for them to say whether or not ordinarily prudent men would have erected barriers to guard such a place, and whether or not the supervisors should have foreseen that one of the natural consequences of the absence of such barriers was that upon the meeting of two vehicles at that point a horse might become restless and back over the declivity (particularly a horse obliged to stop while

approaching its home and going up hill, as was this one). These issues were properly for the jury and their verdict thereon cannot justifiably be pronounced either unwarranted or unreasonable.

The question of the plaintiff's contributory negligence was fairly submitted, the jury being told more than once that the plaintiff could not recover if they determined that she had been guilty of any negligence that contributed to the accident.

On the whole we are not convinced of any reversible error; the assignments are all overruled and the judgment is affirmed.