(No. 5578.   July 31, 1930.)

UTAH MORTGAGE LOAN CORPORATION, a Corporation, for Itself and All Other Corporations Similarly Situated, Respondent, v. W. D. GILLIS, as Attorney General of the State of Idaho, Appellant.

[290 Pac. 714.]

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Appellant.

Richards & Haga, for Respondent.

LEE, J.—Plaintiff and respondent, Utah Mortgage Loan Corporation, duly organized and existing under the laws of the state of Utah, with its headquarters at Logan therein, and duly licensed to do business within this state with its statutory agent at Boise, Ada county, brought this suit to have declared unconstitutional and void chapter 252 of the 1929 Idaho Session Laws, and to secure a perpetual injunction against W. D. Gillis, Attorney General, from instituting proceedings against respondent for the forfeiture of its right to do business in Idaho consequent upon its failure to comply with the requirements of said act. The act by its title proclaims the following intent:

" . . . . ; Providing a system of taxing the shares of stock of any bank, building and loan association, finance company and other capital in competition with banks as defined in this act."

Section 3 of the act provided that any foreign corporation or association licensed to do business within the state should on or before the first Monday in June of each year file with the county assessor of the county in which its principal place of business is located within the state, or, if it had no such designated place of business, then with the assessor of the county of its resident agent, a statement substantially in conformity with C. S., sec. 3298; and in addition should show in such statement the total amount of its investments and loans within the state of Idaho and also the total amount of its loans and investments made outside the state. The act further directed that it should be the duty of the assessor "to assess such shares of capital stock according to the ratio that its investments and loans within the state of Idaho bears to its total loans and investments,

making the same deductions therefrom as provided for in section 3297 of the Compiled Statutes of Idaho and acts amendatory thereof." It was then provided that "Such foreign corporation or association shall pay the taxes upon such shares of stock, and the procedure for the assessment on such shares of stock, the entry thereof on the personal property tax rolls, and the collection of such tax shall be substantially in conformance with the provisions of Article 12 of chapter 144 of the Compiled Statutes of Idaho and all acts amendatory thereof." Any failure to comply with these requirements, it was declared, would commission the attorney general to institute proceedings to forfeit delinquent's license to do business within the state.

Respondent plead that it designated Boise as its principal place of business in Idaho and appointed its statutory agent therein for the sole purpose of complying with chap. 187, C. S.; that it maintains within the state neither office nor agent for the purpose of any business whatsoever; that all of its stockholders are nonresidents, and that it has no loans or investments in Ada county. Charging that the act is violative of both the state and federal Constitutions, it specified the following instances wherein it alleges such violations operate:

That the act does not provide for the levying of a tax according to valuation so that every person or corporation shall pay a tax in proportion to his, her or its property as required by section 2 of article VII of the Constitution of Idaho;

That it does not provide for the levying of a tax uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and does not provide for the levying of said tax or taxes under such regulations as will secure a just valuation of property for taxation purposes, and provides no proper or adequate method for determining or equalizing the value of the property proposed to be taxed under said act as provided by sec. 5 of said article VII, and that the provisions of the act will result in

duplicate taxation of plaintiff's property and of the shares of stock of its stockholders, contrary to the provisions of said sec. 5;

That, contrary to the provisions of the Constitution cited, the act contains so many uncertainties and ambiguities that the provisions thereof cannot be justly, equally or equitably enforced, and the taxes proposed to be levied thereunder cannot be justly, equally or equitably distributed or levied on or against said corporations, associations or individuals engaged or competing in the making of loans or investments in Idaho;

That the act is in conflict with the provisions of sec. 16, article III, of the state Constitution, requiring that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title of the act;

That the act abridges the privileges and immunities of plaintiff's shareholders, all of whom are nonresidents of the state of Idaho but citizens of the United States;

It deprives plaintiff of its liberty and property without due process of law;

It denies to plaintiff the equal protection of the laws;

It imposes a tax upon property which is not within the jurisdiction of the state of Idaho, which the state is without power to tax and which, if enforced against plaintiff, will deprive it and its shareholders of their property without due process of law.

The attorney general's demurrer having been overruled and that officer having declined to plead further, default was entered and judgment entered perpetually enjoining him from proceeding against plaintiff for the purpose heretofore mentioned. From that judgment, the attorney general has appealed.

At the outset, the first matter to be determined is the purpose of the act. Is the tax sought to be imposed an excise tax or property tax; and, if the latter, upon whose property is it directed to be levied? Appellant has answered the first part of the question by admitting that it

is a property tax. What property, then, does the act contemplate? Beginning with "shares of stock" in the title, the verbiage, "shares of capital stock," is insistently employed throughout the act relating to assessment, levy and collection. Such shares must be conceived to be either the individual shares of the corporate stockholders or the capital stock of the corporation itself. Since the act specifically directs a procedure in substantial conformity with art. 12, chap. 144, C. S., it is there we may look for guidance. That article has to do with taxing the shares of capital stock of national banks and other banks, corporations and associations, owned by their stockholders. Among the sections incorporated in said article, section 3298 requires a statement containing the name and address of each shareholder together with the number of shares owned by him; section 3299, that the shares of stock of the institution therein referred to shall be assessed in the name of the owner of such shares, entered on the personal property tax roll, giving the name and address of each shareholder, the number of shares owned by him and the assessed valuation of· such stock under the name of each shareholder; section 3302, that the corporation pay the total tax, and section 3303· declares that the share owners shall be liable to the corporation for the amount of the tax so paid upon their shares, awards the corporation a lien therefor upon the respective shares, and authorizes it to be foreclosed as a chattel mortgage, carrying costs and attorney's fees against the stockholder.

Every step by the act prescribed can have but one ultimate objective, that of directly subjecting to taxation the personal property of the individual stockholder, for his shares are personal property and naught else, and in this instance beyond the jurisdiction of the state. We then have here an attempt by the Idaho legislature to tax the property of a nonresident, the situs of which property is without the state, a direct infringement of the Fourteenth Amendment of the federal Constitution.

Nor will it do to argue that by the corporation's having been licensed to do business and continuing to do

business in this state since the adoption of the act in question, the stockholders have impliedly assented to the conditions imposed. Between the corporation and its stockholders exists no such agency as would bind the latter in regard to his own individual property. (*Tyler v. Dane County,* (Wis.) 289 Fed. 843; *Rhode Island Hospital Trust Co. v. Doughton,* 270 U. S. 69, 79, 82, 43 A. L. R. 1374, 46 Sup. Ct. 256, 70 L. ed. 475; *Farmers Loan & Trust Co. v. Minnesota,* 280 U. S. 204, 65 A. L. R. 1000, 50 Sup. Ct. 98, 74 L. ed. 371; *State v. Walker,* 70 Mont. 484, 296 Pac. 894, 897.)

It is difficult to ascertain just what appellant contends the purpose of the act to be. He first admits that the tax is imposed on property, yet in his concluding statement he denominates it as a tax on the corporation's business transacted within the state. That the preliminary admission that the tax is a property tax excludes any idea that the property to be taxed consists of the shares of individual stockholders would seem clear from the following statement in the brief:

"The fact that it has appointed this agent and in addition thereto established a principal place of business, and qualified to do business in accordance with the laws of this state, amounts to acquiring a domicile within the state. Therefore, that is the logical place to fix as a situs of *its* property for the purpose of assessing and levying the tax. (Italics ours.)"

Since appellant relies directly on the case of *National etc. Assn. v. Gillis,* 35 Fed. (2d) 386, we may not unwarrantably assume that he adopts the interpretation of that case in respect of the act's purpose. In that case the court said:

"The effect of the tax sought to be enforced by the act is against the amount of the investments and loans of the companies made within the state and which have an Idaho situs, and is really against property owned by the corpora-

tion in the state, and not against the individual shareholders, notwithstanding the procedure prescribed by the act.''

But, as far as appellant's contention is concerned, whether the tax be one upon corporate property or one upon corporate business, the result will be the same when challenged in the light of section 16, article 3 of the Idaho Constitution. That section provides that ''every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.'' As expressed in the title, the sole terminology describing the property to be taxed is that of ''shares of stock.'' Divorcing the title from the body of the act, and relying upon it entirely as a source of information, could the average man sense behind verbiage so definite any intent to tax either corporate property or corporate business? Not until the act is fully read is there disclosed a possible purpose to tax either loans and investments or the business of making them. If appellant's interpretation of the act is to prevail, the act is clearly violative of the state Constitution and therefore void.

Judgment affirmed; costs to respondent.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.