(No. 6756. March 30, 1940.)

OLAVA M. BERLAND, Respondent, v. CITY OF HAILEY, a Municipal Corporation, Appellant.

[101 Pac. (2d) 17.]

J. G. Hedrick, J. J. McFadden and Sam S. Griffin, for Appellant.

A. F. James, for Respondent.

AILSHIE, C. J.—Respondent Berland instituted this action against appellant City of Hailey, for damages caused by falling on a defective sidewalk. Miss Berland, a graduate nurse 61 years of age at the time of the injury, had been employed by Dr. Fox at "hospital nursing," for a period of six or seven years at least; she was his "star surgical nurse." She had "never been ill a day" and "never off a day." Her usual route to work was from J. C. Fox's direct to the hospital in the City of Hailey. June 8, 1938, about 6:30 P. M., on her way to night duty, respondent was walking south on the west side of First Avenue. She had gone that way on an errand to visit a friend; the walk was not familiar to her. As she approached the intersection, ready to turn west, she, "all of a sudden" fell face forward, full length; there was "some irregularity there," her foot struck the edge of the block, and she "was down on the lower block without a moment's notice." Later testimony of a contractor in the city disclosed

by actual measurements that the "raise" on the sidewalk at this place "slopes gradually from the east to the west, . . . . two and seven-eighths inches on the east end and one and three-fourths on the west side." It was brought out by other testimony that there was a drop in the sidewalk in 1921, "very much the same" as it is now. Cottonwood trees had extended their roots under the walk; the tree had been taken out, "about four years ago," but the roots were not removed and the walk was not repaired.

In falling, respondent received a fracture of her right hip; both bones of the left wrist were broken, and she suffered bruises and contusions on other parts of her body. She remained at the hospital for three and one-half months, afterward using crutches most of the winter. At the time of the trial she had no control over most of the fingers on her left hand. Dr. Fox testified that the injury to respondent's arm is a permanent injury; that she will be unable to do general and surgical nursing. From a judgment awarding respondent the sum of $5,864.70 against appellant city, and from the order denying motion for a new trial, defendant appeals.

The first specification of error is directed against the action of the court in sustaining objections to certain questions calling for opinion of witnesses as to whether they "would consider that a dangerous place in the sidewalk" and, "Will you state in your opinion whether that is dangerous?" The action of the court in sustaining objections to these questions was proper. The question as to whether or not the place was dangerous and the negligence of the city was the ultimate fact to be found by the jury; and it was not proper for witnesses to express opinions on that subject. It was their province to state the facts in reference to the conditions of the walk. (*Metz v. City of Butte,* 27 Mont. 506, 71 Pac. 761; *Comstock v. Georgetown Tp.,* 137 Mich. 541, 100 N. W. 788; *Lindley v. City of Detroit,* 131 Mich. 8, 90 N. W. 665 (666); 22 C. J. 510 et seq.)

Objection is also made to the ruling of the court in permitting the respondent to answer the following question asked by her counsel: "Well, just what was it your foot struck?" There was no error in such ruling.

 It is next urged that the court erred in denying motions for nonsuit and directed verdict. These rulings were not erroneous for reasons which will hereinafter appear. The motions were made on the grounds that there were not sufficient proofs to establish the negligence of defendant; and that the evidence conclusively established the negligence of plaintiff as the proximate cause of the accident. The entire evidence in the case was very brief but there was sufficient to justify the jury in finding for the plaintiff. The condition of the sidewalk is undisputed, and that it was on a regularly used street near the business section of the city, is also evident. Furthermore, the city authorities had notice of the condition of the walk. Even if they had not had actual notice, its long existence in that condition, under the circumstances, would impart constructive notice to them.

It appears that respondent was walking along the street in the usual manner of pedestrians, traveling over a sidewalk of a city thoroughfare. The semi-latent danger caused by the crack and upheaval in the walk could be readily observed if one were looking for some such thing. On the other hand, it would be easy for a pedestrian to fail to observe such a defect, especially where the *drop* was sheer and in the direction in which he was traveling. There would be more likelihood of observing such a defect if walking facing the raised edge of the concrete slab than when moving in the opposite direction.

Complaint is made by the city that respondent neglected to look and for that reason was unable to testify as to just where she stepped or how her foot struck or caught on the walk, or just the particular point at which she fell. She does say:

"I fell on the block of cement that adjoins the block to the north, . . . . caught my foot on the edge of that drop and very naturally fell on the slab or block that joins that particular walk I came from."

On further examination and cross-examination, she made statements in different words but to the same effect, and when shown a photograph of the sidewalk, identified the break in the walk as the place where she fell. It is not difficult to

conceive how this could be, and still a pedestrian not be guilty of negligence.

The writer recalls quite distinctly the utterance of a very able pioneer lawyer on the oral argument of *Carson v. City of Genesee,* 9 Ida. 244, 74 Pac. 862, 108 Am. St. 127, in which he exclaimed: "If your Honors please, every person has a right to walk the streets of the cities by faith." This is not quoted as a rule of law but it does illustrate the general confidence pedestrians usually manifest in the safety of sidewalks and streets in the busy and much-used sections of our municipalities as to freedom from latent or semi-latent defects. A pedestrian is not required to keep his eyes on the walk immediately in front of him *all* the time; he may look at persons and objects and view the landscape as he walks. He may act as an ordinarily reasonable and prudent person would under like circumstances.

Here the defect was not wholly obvious to the casual pedestrian; it did not loom up as an obstruction. Neither can it be said that it was a latent defect,—it could be seen by one looking for anything of the kind. Under these circumstances, it was a proper issue to be submitted to the jury, as to whether, under the existing circumstances, the respondent was guilty of such contributory negligence as will prevent her recovery. The fact that it is possible that the accident was the result of respondent's inattention and negligence, is not conclusive against her. (*Adams v. Bunker Hill & Sullivan Min. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Hoffer v. City of Lewiston,* 59 Ida. 538, 546, 85 Pac. (2d) 238; *Wozniak v. Stoner Meat Co.,* 57 Ida. 439, 442, 65 Pac. (2d) 768.) The jury might very well conclude, from all the evidence in the case and a view of the premises (which was at the request of both parties), that the accident occurred as the result of the defect in the walk and that it was not the fault of respondent.

The proximate cause of an injury is a question for the jury where there is any substantial conflict in the evidence or reasonable minds may fairly differ as to the conclusion to be reached. (*Baillie v. City of Wallace,* 24 Ida. 706–709, 135 Pac. 850; *Miller v. Gooding Highway Dist.,* 55 Ida. 258, 41

Pac. (2d) 625; *Tendoy v. West,* 51 Ida. 679, 9 Pac. (2d) 1026; *Pilmer v. Boise Traction Co.,* 14 Ida. 327–341, 94 Pac. 432, 125 Am. St. Rep. 161, 15 L. R. A., N. S., 254.) The issue, as to whether it was negligence on the part of the city to maintain the sidewalk in the condition it was in when the accident occurred, was an issue of fact for the jury to determine. (*Goodman v. Village of McCammon,* 42 Ida. 696, 247 Pac. 789; *Todd v. City of Hailey,* 45 Ida. 175, 260 Pac. 1092.)

There was no material variance between the allegations of the complaint and the proofs. (Sec. 5–901, I. C. A.; *Milwaukee Land Co. v. Boyle,* 60 Ida. 451, 92 Pac. (2d) 1065.)

We have examined the instructions given by the court and those requested and think the instructions as a whole, as given, correctly advised the jury as to the law of the case. It is true that some of these instructions, standing alone, are incomplete; but it is the uniform rule of this court that failure to state a rule in its entirety, governing a particular phase of the case, will not be deemed prejudicial if, on the face of the whole body of instructions given the jury, they are correctly advised as to the law governing the case. (*Tyson Creek R. R. Co. v. Empire Mill Co.,* 31 Ida. 580, 174 Pac. 1004; *Taylor v. Lytle,* 29 Ida. 546, 551, 160 Pac. 942; *Judd v. Oregon Short Line R. Co.,* 55 Ida. 461, 475, 44 Pac. (2d) 291; see, also, *State v. Frank,* 60 Ida. 774, 97 Pac. (2d) 410.)

The judgment will be affirmed with costs in favor of respondent.

Budge, Morgan and Holden, JJ., concur.

Givens, J., concurs in the conclusion reached.

Petition for rehearing denied.