(No. 7151. December 20, 1944.)

WILLIAM MASON; and LOUIS GEORGE MASON, RICHARD EUGENE MASON, PATRICIA ANN MASON, SHIRLEY GRACE MASON, and WILLIAM FREDERICK MASON, by and through their guardian ad litem, WILLIAM MASON; ZELDA LOUISE MASON, and ROSEMARY POULTER, Respondents, v. HILLSDALE HIGHWAY DISTRICT, a body politic and corporate, Appellant, and WILLIAM MASON, Respondent, v. HILLSDALE HIGHWAY DISTRICT, a body politic and corporate, Appellant.

(154 P. (2d) 490.)

Rehearing Denied January 15, 1945.)

Richard Seeley, Parry & Thoman, and J. R. Kennan for appellant.

Chapman & Chapman for respondents.

Everett M. Sweeley, amicus curiae.

GIVENS, J.—The morning of November 25, 1940, Mr. and Mrs. Mason, accompanied by their four year old son, drove from near Kimberly, their home, to Hazelton and then on the main highway leading from Hazelton to Rupert, turning south at the Greenwood Schoolhouse, intending to look at a farm which they considered renting. Respondent Mason and his wife, as the neighborhood unfolded, decided they were not interested in renting a farm in that community, and respondent turned his car around and drove back over the Milner-Greenwood highway which they had just come over, within the boundaries of the defendant highway district. This road (not a main and through highway and but lightly traveled) traversed a bridge over the Gooding Canal, 73 feet long and 18½ feet wide between the felloe guards, with tread planks on it 18 inches apart. [Exhibit S.] Each tread plank was made up of three three-by-twelve planks. Seventy feet north of the Gooding Canal Bridge and at an elevation three feet below

Exhibit S

it was a cement culvert on the North Side Canal. [Exhibit D ] The roadway over the culvert was 17 feet wide. About

Exhibit D

six feet south of the concrete culvert on the west side of the highway was an erosion into the North Side Canal, and May 8, 1941, the distance on the highway between the heads of the two eroded places was just 14 feet. Mr. Griffith, a witness for the highway district, denied there were any eroded spots November 25, 1940.

On the day in question there was a little snow on the ground, and the roads were covered with ice and slippery. According to respondent's testimony, he was driving about 20 or 25 miles an hour as he drove north along the road, and when he came within view of the Gooding Canal bridge, slowed down to 15 miles an hour and drove upon the tread planks. When he was almost half way across the bridge, the rear wheels of his car slipped off the tread planks to the east. He applied the brakes, and the front wheels skidded to the west. He was unable to get the car back on the tread planks, and when he was off the bridge his car had cut to the east and he straightened it to the

right. He was unable to remember anything that happened after that. Other witnesses testified the tracks of the car indicated the car had gotten almost to the culvert when the left wheels skidded off the roadway [Exhibit X.], the

Exhibit X

car apparently struck the north bank of the canal and landed on its left side in the canal. [Exhibit U.] Mrs. Mason was killed, and respondent suffered fractures of a tibia and an ankle.

Mason sued the Hillsdale Highway District for injuries suffered by him, for medical expenses and hospital care, for loss of time and services, and for loss of his car, amounting to $10,819.35. In the second action Mason joined his seven children as plaintiffs, asking $25,000 for the death of Louise Victoria Mason, and $200 funeral expenses.

The complaints allege as grounds of negligence the longitudinal planked tracks (tread planks) across the bridge,

Exhibit U

failure to have guard rails and warning signs at the point of crossing the North Side Canal, and the eroded cuts in the sides of the road.

The jury awarded $1000 in the first action and $2750 in the second. The highway district (with limited and restricted revenue) appeals, urging the evidence is insufficient to sustain the verdict and conclusively shows there was no negligence on its part in construction or maintenance, contributory negligence, that the three grounds of negligence alleged are untenable as a matter of law, hence a nonsuit should have been granted, error in instructions given and refused, that the court erred in making repeated asserted adverse comments in ruling on the admission and rejection of evidence, and that under Chap. 16, 1939 S. L.,[1] it is not liable in an action such as this.

---

[1]"Section 3. All of the highways now in the state and all of the highways hereafter to be established in the state shall be and

■ Since *Carson v. City of Genesee,* 9 Ida. 244, 74 P. 862, repeated reiteration of municipalities' liability for torts has firmly entrenched such proposition in the common law of this state.

Highway districts were placed in this classification in *Strickfaden v. Green Creek Highway Dist.,* 42 Ida. 738, 248 P. 456, 49 A. L. R. 1057.

■ Appellant urges Chap. 16, 1939 S. L. has now, however, cancelled such liability. Unless clearly so stated and apparently and evidently so intended, a statute will not be construed to have changed the common law. (*Cox v. St. Anthony Bank & Trust Co.,* 41 Ida. 776, 242 P. 785.)

■ Furthermore, a title of an act, while it need not be an index of all of the provisions, must include the purpose and intent of the legislation as disclosed by the body of the act. (*Idaho Gold Dredging Co. v. Balderston,* 58 Ida. 692, 78 P. (2d) 105; *State v. Enking,* 59 Ida. 321, 82 P. (2d) 649.) Neither the title of the act[2] nor the body thereof

---

constitute the statewide highway system of the State of Idaho, and that each such highway shall constitute an integral part of the statewide highway system. The several counties, highway districts, good road districts and cities and villages in the state shall continue to perform, as agents of the State of Idaho, all acts necessary and proper for the administration, construction and maintenance of highways within their respective limits and in relation thereto shall exercise all of the powers and perform all of the duties vested in them by law, under the general supervision of the State of Idaho."

---

[2] "AN ACT

DECLARING THE POLICY OF THE STATE OF IDAHO WITH RESPECT TO THE MAINTENANCE AND CONSTRUCTION OF HIGHWAYS AND IMPOSING UPON THE COUNTIES, HIGHWAY DISTRICTS, GOOD ROADS DISTRICTS AND ALL CITIES AND VILLAGES IN THE STATE THE DUTIES OF IMPROVING AND MAINTAINING HIGHWAYS; DEFINING HIGHWAYS, AND PROVIDING THAT ALL SUCH HIGHWAYS SHALL CONSTITUTE THE STATEWIDE HIGHWAY SYSTEM OF THE STATE, AND THAT THE COUNTIES, HIGHWAY DISTRICTS, GOOD ROADS DISTRICTS AND CITIES AND VILLAGES IN THE STATE SHALL CONTINUE TO PERFORM, AS AGENTS OF THE STATE, ALL ACTS NECESSARY AND PROPER FOR THE ADMINISTRATION,

by the usual standards of phraseology gives the slightest hint or indication that the legislature intended to relieve highway districts of liability for their torts. Appellant argues, however, that since the statute makes the highway districts agents of the state and that all highways are now state highways it necessarily follows, because the state is immune from suit, so is the highway district. The purpose of the statute was however merely to provide lieu funds; in other words, prior to the statute and reduction of the automobile license fee, highway districts had shared in the funds derived from such licenses, the change greatly reduced their income, and to make up such deficit it was provided the amounts appropriated by chap. 16 should be distributed by the counties to highway districts. The provisions with regard to agency and highways in the statute apply equally to municipalities, so if highway districts were thereby relieved from liability so were cities, towns, and villages. Neither the title or the body of the act could be construed as leading to this result. (*Hailey v. Huston,* 25 Ida. 165, at 167, 136 P. 212; *Jackson v. Gallet,* 39 Ida. 382, 228 P. 1068; *Utah Mortgage Loan Corp. v. Gillis,* 49 Ida. 676, at 684, 290 P. 714.)

We have found no cases construing a statute removing liability, but statutes imposing liability have been considered in connection with the sufficiency of a title, and their reasoning would be applicable here. The following authorities clearly support the conclusion that neither the title of

---

CONSTRUCTION AND MAINTENANCE OF SUCH HIGHWAYS AND EXERCISE OF THE POWERS AND DUTIES VESTED IN THEM BY LAW, UNDER THE GENERAL SUPERVISION OF THE STATE, AND PROVIDING THE PURPOSES OF THE APPROPRIATION, AND, APPROPRIATING ANNUALLY MONIES FROM THE STATE HIGHWAY FUND AND PROVIDING THE DISTRIBUTION OF SUCH APPROPRIATION TO COUNTIES, HIGHWAY DISTRICTS, AND GOOD ROADS DISTRICTS, OF THE STATE, AND CREATING IN THE SEVERAL COUNTIES A FUND TO BE KNOWN AS MOTOR FUELS TAX FUND, AND PROVIDING THE PURPOSES FOR WHICH SUCH APPROPRIATIONS SHALL BE ALLOCATED AND USED, AND PROVIDING FOR THE RIGHT OF COUNTIES, HIGHWAY DISTRICTS, AND GOOD ROADS DISTRICTS TO USE SUCH APPROPRIATION IN COOPERATION WITH THE STATE OF IDAHO OR THE UNITED STATES, OR

the act or the body is sufficient to encompass or support appellant's contention. (*Bailey v. Benton County,* 61 Ore. 390, 122 P. 755; *Brunson v. City of Santa Monica,* 27 Cal. App. 89, 148 P. 950; *First State Bank v. Kendall Lumber Corp.,* 107 Ore. 1, 213 P. 142; *Potter v. Whatcom County,* 138 Wash. 571, 245 P. 11; *Thompson v. Los Angeles County,* 140 Cal. App. 73, 35 P. (2d) 185; *Shea v. Olson,* 185 Wash. 143, 53 P. (2d) 615, 186 Wash. 700, 59 P. (2d) 1183, 111 A. L. R. 998; *State v. Horn,* 187 Okla. 605, 105 P. (2d) 234; *Shields v. Oxnard Harbor Dist.,* 46 Cal. App. (2d) 477, 116 P. (2d) 121; *Milgate v. Wraith,* 19 Cal. (2d) 297, 121 P. (2d) 10; *State v. Latourette,* 168 Ore. 584, 125 P. (2d) 750; *Naudzius v. Lahr,* 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1189.)

While at first blush it might seem anomalous that in the construction and maintenance of roads and highways where the physical make-up is identical one public organization should be liable and another not, a moment's consideration demonstrates that it is not the corporeal road or highway and constituent structures which make the difference but the incorporeal organization, and this was recognized and reaffirmed in *Ada County v. Wright,* 60 Ida. 394, at 406, 92 P. (2d) 134, [15] and [16].

Conceding imposition of or immunity from liability of the state or any subordinate public organization is within the control of the legislature, considerate recognition of

BOTH, AND PROVIDING THE BUDGETING AND ALLOCATION OF SUCH MONIES BY COUNTIES, HIGHWAY DISTRICTS AND GOOD ROADS DISTRICTS THAT THE DEPARTMENT OF PUBLIC WORKS OF THE STATE OF IDAHO SHALL PROVIDE UNIFORM SYSTEM OF ACCOUNTING AND METHOD OF ALLOCATION FOR THE EXPENDITURE OF SUCH FUNDS BY THE COUNTIES, HIGHWAY DISTRICTS AND GOOD ROADS DISTRICTS IN CO-OPERATION WITH THE STATE OF IDAHO AND PROVIDING THAT THE INITIATORY POWER OF EXPENDITURE OF SUCH APPROPRIATION IN COOPERATION WITH THE STATE AND/OR UNITED STATES SHALL REST WITH SUCH COUNTIES AND DISTRICTS AND PROVIDING THAT IF ANY PROVISION OF THIS ACT BE DECLARED UNCONSTITUTIONAL, IT SHALL NOT AFFECT THE REMAINING PROVISIONS OF THIS ACT, AND REPEALING ALL ACTS IN CONFLICT WITH THIS ACT, AND DECLARING AN EMERGENCY."

*Cox v. St. Anthony Bank & Trust Co.*, supra, requires more specific removal of liability than is contained in this statute before we would be justified in holding that the statute had brought about the change relied upon by appellant.

■ Appellant contends that it should not be held liable for a mere defect of plan of construction, that it is permitted to exercise its discretion and unless the same is clearly beyond the pale no adverse liability results therefrom. It is not a question however of the plan of construction, but it is a question of whether or not the tread planks, lack of barriers, and the eroded portion of the highway constituted in whole or in part negligence which was the proximate cause of the accident, and the cited authorities so hold.

"It is generally held that the rule of immunity from tort liability applies where personal injury or property damage results from errors of judgment in the adoption of a plan of public improvement, for the reason that such action involves the exercise of discretion of a legislative or judicial character. This doctrine is, however, of limited application. It is doubtless the law that a municipal corporation is not responsible for injuries which it did not cause, and with respect to which it would incur no liability if it took no action whatever, merely because the structure which it erected for the purpose of relieving the difficulty was not of such great service as it would have been if it had been designed with better judgment. *It is, however, certainly not the law that a municipal corporation can escape liability for the infringement of the private rights of individuals or for a breach of its positive duties by showing that such infringement or breach was the result of the plan adopted by the municipal authorities."* 38 Am. Jur. 328, sec. 628; 90 A. L. R. 1511, et seq.)

■ The conditions which respondent contends constituted appellant's negligence, namely, the tread planks, the relative position of the bridge over the Gooding Canal and the culvert over the North Side Canal, the slope of the road with the eroded bank at the culvert, and lack of a barrier at that place, were all in close physical juxtaposition and causal contact. While appellant with great ingenuity and persuasiveness adroitly argues that no one condition was negligent and that the proximate cause was respondent's contributory negligence, the composite situation as graphi-

cally disclosed by the testimony and pictures must be viewed in its entirety. The rule derived from the following cases is that negligence, contributory negligence, and proximate cause are questions for the jury unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances of the case in only one way. (*Wheeler v. Oregon R. & Nav. Co.*, 16 Ida. 375, 102 P. 347; *Cooper v. Oregon Short Line R. Co.*, 45 Ida. 313, 262 P. 873; *Pipher v. Carpenter*, 51 Ida. 548, 7 P. (2d) 589; *Miller v. Gooding Highway Dist.*, 55 Ida. 258, 41 P. (2d) 625; *Branson v. Northern Pac. Ry. Co.*, 55 Ida. 220, 41 P. (2d) 629; *Call v. City of Burley*, 57 Ida. 58, 62 P. (2d) 101; *Bennett v. Deaton*, 57 Ida. 752, 68 P. (2d) 895; *Byington v. Horton*, 61 Ida. 389, 102 P. (2d) 652; *Hobbs v. Union Pac. R. Co.*, 62 Ida. 58, 108 P. (2d) 841; *Stearns v. Graves*, 62 Ida. 312, 111 P. (2d) 882; *Owen v. Taylor*, 62 Ida. 408, 114 P. (2d) 258; *Carson v. Talbot*, 64 Ida. 198, 129 P. (2d) 901; *Dawson v. Salt Lake Hdwe. Co.*, 64 Ida. 666, 136 P. (2d) 733; *Stallinger v. Johnson*, 65 Ida. 101, 139 P. (2d) 460.)

Many cases are cited pro and con with regard to different road conditions which were or were not considered negligently hazardous as a matter of law[3] or disclosing situations requiring the submission of such question to the jury[4], which have been carefully studied. Viewed as a

---

[3]City Council of Augusta v. Hudson, 94 Ga. 135, 21 S. E. 289; Wisniewski v. Town of Belmont, 213 Wis. 34, 250 N. W. 859; Becker v. Ill. Cent. R. Co., (La.) 147 So. 378; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473.

[4]Miller v. The Village of Mullan, 17 Ida. 28, 104 P. 660; Douglas v. City of Moscow, 50 Ida. 105, 294 P. 334; Berland v. City of Hailey, 61 Ida. 333, 101 P. (2d) 17; City of Dallas v. Maxwell, (Tex.) 231 S. W. 429; Bond v. Inhabitants of Billerica, 235 Mass. 119, 126 N. E. 281; Branegan v. Town of Verona, 170 Wis. 137, 174 N. W. 468; Lendrum v. Village of Cobleskill, 192 App. Div. 828, 183 N. Y. S. 215; Nicholson v. Town of Stillwater, 208 N. Y. 203, 101 N. E. 858; Kerr v. Kiskiminetas Township, 238 Pa. 59, 85 A. 1084; Sims v. Williamsburg Township, 92 Kan. 636, 141 P. 581; Dunn v. MacDonald, 110 Conn. 68, 147 A. 26; Winegardner v. Springfield Township, 258 Pa. 496, 102 A. 134; Murray v. Board of Commissioners, 58 Kan. 1, 48 P. 554; Roth v. Highways Commission, 115 Md. 469, 80 A. 1031; Mason v. Town of Andes, 261 App. Div. 354, 25 N. Y. S. (2d) 738; Fidler v. Lafayette Township, 226 Mich. 635, 198 N. W. 262.

whole the circumstances herein were of such a nature that we believe the trial court was justified in refusing the motion for nonsuit and submitting the case to the jury so far as the questions of negligence, contributory negligence, and proximate cause are concerned.

Appellant assigns as error the admission of testimony by a competent civil engineer and three farmers who lived in the vicinity, the latter of whom occasionally used the road, to the effect that they considered the tread planks negligently dangerous, the entire situation presenting a negligent hazard, as not the proper subject of expert or opinion evidence and invading the province of the jury, that the conditions were perfectly apparent to and capable of analysis by any person of ordinary understanding. The rule as contended for by appellant (146 A. L. R. 5) has been somewhat recognized by this court beginning with *Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 P. 157; and in *Young v. Washington Water Power Co.,* 39 Ida. 539, at 544, 228 P. 323; *Hayhurst v. Boyd Hospital,* 43 Ida. 661, at 671, 254 P. 528; *Penn Mutual Life Ins. Co. v. Ireton,* 57 Ida. 466, at 477, 65 P. (2d) 1032. Respondents contended that if error it was not prejudicial because the witnesses in stating their conclusions recited the facts upon which they were based, and also because the jury viewed the premises and could not have been misled. This exculpation is somewhat inconsistent because respondents must have considered this evidence would have a propitious influence on the jury over and above the description and view of the scene of the accident and from what the jurors would conclude from their own experience and knowledge of the effect of tread planks on travel. It would seem to be true that a person who had had experience in driving over tread planks and on different types of bridges in all kinds of weather conditions would be in a better position to know the effect of such tread planks upon an automobile being driven across such tread planks than one with no or limited experience. It is doubtful if this evidence was admissible, *Berland v. City of Hailey,* 61 Ida. 333, 101 P. (2d) 17, 146 A. L. R. 51n, where the exclusion of such evidence was approved. The converse is here presented, and the question is whether the admission though error was prejudicial. Applying the thought in *Knauf v. Dover Lumber Co.,* supra, at p. 789,

"* * * the statements and experience of men familiar with the subject and might be a very great aid to the jury,

notwithstanding the fact that the very question which the witness expresses an opinion upon is the question which the jury must pass upon; and in such cases the fact that the witness expresses an opinion upon a matter of common knowledge in giving his testimony is not reversible error," the experience and observation of the witnesses herein in connection with this particular road was not entirely irrelevant. Its weight was for the jury. Evidence to the contrary was introduced by appellant, and while as against the motion for nonsuit such contrapose is no justification, in view of the instant circumstances we do not believe the admission sufficiently prejudicial to demand a reversal.

 With regard to appellant's animadversions on remarks and comments of the trial court, first, they were not obnoxious, and there were no adverse rulings, hence there is nothing in connection therewith before us for review. (*State v. Smailes*, 61 Ida. 321, 5 P. (2d) 540; *Estate of Brown*, 52 Ida. 286, 15 P. (2d) 604; *Slusser v. Aumock*, 56 Ida. 793, 59 P. (2d) 723; *Giraney v. Oregon Short Line R. R. Co.*, 54 Ida. 535, 33 P. (2d) 359; *Towne v. Northwestern Mut. L. Ins. Co.*, 58 Ida. 83, 70 P. (2d) 364.)

 Appellant complains that the court instructed upon both theories of the case and thereby the instructions were in hopeless conflict and so unintelligible and garbled that the jury could glean no definite or understandable statement of the law by which it was to be guided. In the first place, it was the court's duty to instruct upon both appellant's and respondent's theories of the case.

"The objections made to the instructions of the court are not well taken. The instructions appear to fairly state the law, and the most that can be said against them is that they state the law applicable to different theories of the case. It often happens, however, in the trial of a lawsuit that such instructions are necessary because one party tries his case on one theory of the law and upon one view of the evidence, while the other party tries his side of the case upon a different theory and hopes to produce such evidence as to have his rule of law applicable thereto. A court cannot foresee what conclusions a jury will reach as to the facts, and so the court often finds himself under the necessity of giving the jury the rule of law applicable to each theory of the case. That appears to have been done in this case. The complaint that the lan-

guage of the instruction was unintelligible is not a cause for reversal. Instructions should not be confusing, and should be couched in as simple, plain, everyday language as it is possible to use (*Thatcher v. Quirk*, 4 Ida. 267, 38 P. 652), but the particular language in which instructions should be couched must be left to the judge who is giving the instruction, so long as the language used states the law approximately correct." (*Keim v. Gilmore & Pittsburg R. R. Co.*, 23 Ida. 511, at 521-2, 131 P. 656.)

"Every litigant is entitled to have his theory of the cause submitted to the jury if there is evidence to support it." (*New England Nat. Bk. v. Hubbell*, 41 Ida. 129, at 137, 238 P. 308.)

*Packard v. O'Neil*, 45 Ida. 427, 262 P. 881, 56 A. L. R. 317; *McDougall v. Kasiska*, 48 Ida. 424, 282 P. 943; *Nash v. Meyer*, 54 Ida. 283, 31 P. (2d) 273; *Idaho Gold Dredging Corp. v. Boise-Payette Lumber Co.*, 64 Ida. 474, 133 P. (2d) 1017.)

The instructions are too numerous and too voluminous to justify their quotation. The trial court carefully covered the issues as raised by the pleadings and instructed on all points requested by both parties, the instructions being at least, if not more than, favorable to appellant, and we find no error therein.

The judgment is affirmed. Costs to respondents.

Holden, C. J., and Budge, and Dunlap, JJ., concur.

Ailshie, J., dissents.