455 P.2d 313

Ralph CRANE and Verness Crane, husband and wife, Plaintiffs-Appellants,

v.

Mark BANNER by his Guardian ad litem, Max Banner; Max Banner and Darlene Banner, husband and wife, individually; and Brock B. Loveland by his Guardian ad litem, Don C. Loveland and Don C. Loveland, individually, Defendants-Respondents.

No. 10302.

Supreme Court of Idaho.

June 6, 1969.

Racine, Huntley, Herzog & Olson, Pocatello, James Annest, Burley, for plaintiffs-appellants.

Parry, Robertson, Daly & Larson, Schwartz & Doerr, Twin Falls, for defendants-respondents.

McFADDEN, Chief Justice.

The present action was instituted by Mr. and Mrs. Ralph Crane, the parents of eight year old Connie Crane, who was struck and killed by an automobile driven by the seventeen year old defendant Brock Loveland while she was crossing a paved county road in front of her home, situated about five miles southeast of Burley.

The affidavits and depositions which were before the trial court on the defendants' motions for summary judgment reveal the following facts. On the evening of November 9, 1966, at dusk, approximately 5:30 p. m., the decedent, Connie Crane, was returning home from a primary class at the L. D. S. Church, about a half mile from the Crane farm. Although Connie's mother usually met her at the church and drove her home, on this particular occasion Mrs. Crane was late in leaving the house, and Connie had accepted a ride home with the thirteen year old defendant Mark Banner, who was driving his parents' pickup truck with their permission and had gone to the church to get his two younger brothers. Mark Banner also gave a ride home to two of the Heward children whose home is almost directly across the road from the Crane residence.

After picking up his brothers, Mark Banner drove his father's pickup east on the county road designated as 300 South, Burley, Idaho, until he arrived at the Heward residence, where he pulled the truck off the oiled portion of the road to let the Heward children and the decedent get out. The truck was facing east, with the headlights on high beam directed down the road.

From where the pickup was parked, Connie Crane had to cross the road to reach her home on the north side of the highway. She got out of the truck with the Heward children and went behind the Banner pickup onto the road where she was struck by a 1963 Ford sedan driven by Brock Loveland, who was driving west to get his brother who was also attending primary class at the L. D. S. Church.

Loveland stated that he saw the decedent just as she stepped out from behind the pickup onto the highway and that she was running as fast as she could and did not look in either direction before crossing the road. He believed, however, that she probably saw him just prior to impact because at the last moment she veered diagonally down the road. He also testified that he was travelling approximately forty-five miles per hour and first saw the decedent when she was approximately fifteen to twenty feet away. He was driving directly into the bright lights on the Banner pickup, which bothered him, interfering to a certain extent with his vision. He further stated that he knew there were children in the area and because of this fact and the fact that he was blinded by the bright lights, he decreased his speed from about fifty miles per hour to about forty-five miles per hour.

Mr. Gerald Heward stated in his affidavit that the lights on the Banner pickup were shining directly into the face of the oncoming traffic and that immediately after the accident defendant Loveland told him that he did not see the Crane girl until he hit her because he was blinded by the lights on the Banner pickup. Additionally, a Mr. Curtis Neyman stated in his affidavit that he was driving directly behind the Loveland vehicle and that he too was blinded by the lights on the Banner pickup.

On February 14, 1968 the plaintiffs instituted this action, seeking $50,791.01 for the death of their daughter. The complaint alleges that the death was caused by the combined negligence of defendants Loveland and Banner and that this negligence is imputed to the parents of the two minors. The plaintiffs alleged that defendant Loveland was negligent in failing to keep a proper lookout and in driving his automobile in a careless and negligent manner while his visibility was impaired by the bright lights on the Banner pickup. As to defendant minor Mark Banner, the plaintiffs alleged that he negligently parked the

pickup in such a manner that Connie Crane had to cross a well-traveled highway at night in order to get to her house. The plaintiffs also contend he was negligent in leaving his headlights on high beam and directed into the face of on-coming traffic. The complaint also alleges that Mark Banner's parents were negligent in furnishing their thirteen year old son an automobile at a time when he was too young to be a licensed driver.

The Lovelands who were defendants, and the Banners who were also defendants, separately answered the complaint. The Loveland answer denied negligence on the part of Brock Loveland and as an affirmative defense asserted that the actions of Connie Crane were the sole and proximate cause of the accident. The answer also alleged that the concurrent acts of Mark Banner and Connie Crane were the sole and proximate cause of the accident and that the accident resulted from unavoidable circumstances.

The Banner answer denied negligence on the part of the Banner defendants and as an affirmative defense alleged that the actions of Connie Crane were the cause of the injury, or that she was contributorily negligent. The pleadings were summarized by the trial court's pre-trial order.

Both the Lovelands and Banners moved for separate summary judgments, supported by the depositions of Brock Loveland, and of the plaintiffs, Mr. and Mrs. Crane. The Cranes opposed the motions for summary judgment on the basis of depositions filed, and the depositions of Mr. and Mrs. Banner, the parents of Mark Banner, and affidavits of other witnesses. The trial court found, however, that there was no genuine issue of material fact presented, granted the motions for summary judgment, and entered summary judgments dismissing the complaint.

Subsequently, the plaintiffs filed their motion for rehearing, reconsideration and vacation of summary judgment, this motion being supported by additional affidavits

which for the first time asserted that Brock Loveland had been driving at a speed in excess of the speed limit and without headlights burning. The defendants moved to strike this motion for rehearing and reconsideration and supporting affidavits, which motion was granted by the trial court. The plaintiffs have appealed from the summary judgments and order subsequent to judgment granting the motions to strike.

The appellants contend that the court erred in refusing to consider the additional affidavits filed in support of their motion for rehearing. These affidavits, the appellants argue, merely reaffirmed and supported the facts contained in the initial affidavits filed in opposition to the respondents' motions for summary judgment. The respondents, on the other hand, contend that these additional affidavits raise new issues relating to defendant Loveland's speed and whether he was driving without lights at the time of the accident. Respondents rely upon two federal cases holding that a trial court will not consider affidavits filed after hearing on the motion for summary judgment. See Clarke v. Montgomery Ward & Co., 298 F.2d 346 (4th Cir. 1962) and Surkin v. Charteris, 197 F.2d 77 (5th Cir. 1952). It is our opinion, however, that the initial affidavits before the court at the time it entertained the motion for summary judgment raise genuine issues of material fact which require a reversal of the summary judgment. We find it unnecessary therefore to consider whether the court erred in refusing to consider the additional affidavits filed by appellants.

It is fundamental that summary judgment can be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); Merrill v. Duffy Reed Constr. Co., 82 Idaho 410, 353 P.2d 657 (1960); Malone v. Continental Life & Accident Co., 89 Idaho 77, 403 P.2d 225 (1965); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965). Moreover, this court has repeatedly stated that upon a motion

for summary judgment all doubts are to be resolved against the moving party. Metz v. Haskell, 91 Idaho 160, 417 P.2d 898 (1966); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). In the present case the trial court did not elaborate on the basis for its order granting summary judgment to the respondents. The court must, however, have concluded that as a matter of law neither of the respondents was negligent, or that Connie Crane was contributorily negligent, or both. It is our opinion that the summary judgment cannot be sustained.

■ Both Lovelands and Banners contend that as a matter of law Connie Crane was contributorily negligent, and hence that the summary judgment should be sustained, regardless of any issue as to negligence of the respective defendants. See Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969); 6 Moore's Federal Practice § 56.17[4], pp. 2491–2492. The issue of contributory negligence, however, like the issues as to negligence and of proximate cause is generally an issue for resolution by a jury, especially when the issue as to the conduct of a child is involved. See: Annot. 77 A.L.R.2d 917 at 932. Only when reasonable men could not disagree or when only one possible conclusion could be reached as to the issue of contributory negligence of a child can it be held that such issue is one of law for the court. Kelley v. Bruch, 91 Idaho 50, 415 P.2d 693 (1966); Mundy v. Johnson, 84 Idaho 438, 373 P.2d 755 (1962); Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490 (1944); Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895 (1937).

In support of their position, Lovelands and Banners rely heavily upon the case of Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 (1956), in which this court reversed a judgment of the trial court and held that a thirteen year old boy who ran onto a highway while herding sheep with his father was contributorily negligent as a matter of law. The father had stopped the traffic while the sheep crossed, but released the traffic without realizing his son had not yet crossed the road. The boy ran onto the road and was struck and killed by an automobile. It is our conclusion that that portion of Laidlaw v. Barker which held the boy contributorily negligent as a matter of law must be overruled.

■■ A child is held to that standard of care which could be expected from an ordinary child of the same age, experience, knowledge, and discretion. Kelley v. Bruch, supra; Mundy v. Johnson, supra. Because these factors vary so greatly among children and because children are naturally unpredictable and impulsive, it is especially difficult to judge their conduct as a matter of law. Instead, it is preferable to submit the issue of their conduct to a jury. This approach was best defined in Mundy v. Johnson, supra, in which this court stated

"Determination of the capacity of children for care and caution does not call for scientific or technical analysis. It is a practical question within the everyday experience of the men and women who compose our juries. They are familiar with the impulsive tendencies, characteristics and predilictions of children. They are fully capable of resolving such issues, and the determination thereof may safely be committed to them." 84 Idaho at 447, 373 P.2d at 760.

■■ In the present case it was established that Connie Crane was a normally bright and alert girl and that she had been warned of the dangers involved in crossing the road. The record also established that daily when attending school and going to and from school by bus, when she crossed the street to get on the bus or alight from it, all traffic was stopped for her. The fact that she may have temporarily forgotten the danger which existed would not of necessity constitute negligence. See: Osier v. Consumers Co., 42 Idaho 789, 248 P. 438 (1926). Under the circumstances it cannot be said that the decedent so clearly

deviated from the standards of a reasonable child of the same age and experience that reasonable men would unanimously agree that she was contributorily negligent. Thus an issue was presented as to her contributory negligence for resolution by the finder of facts.

Also presented for consideration are the questions of whether there is any genuine issue of material fact presented by this record as to the negligence of the operators of the vehicles and whether their negligence, if any, was the proximate cause of the accident.

The record establishes that there are issues of fact for resolution concerning the alleged negligence of Brock Loveland. He knew that there were many children attending the primary school at the church; that a number of these children walked to and from the church; and that there were children at the Heward and Crane residences. Nonetheless he was driving a minimum speed of forty-five miles per hour into the face of bright lights that affected his vision. He stated to Mr. Heward that because of the lights he did not see Connie Crane until he struck her. He did not sound his horn or swerve his car prior to the accident, even though there was no other traffic coming from the opposite direction.

This court has on occasion commented upon the duty of a driver whose vision is affected by bright lights. In Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076 (1940), a driver who was blinded by the bright lights of an on-coming vehicle struck a bicycle rider. In affirming a judgment against the driver for damages for the death of the minor child, this court stated:

"Generally it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate his automobile on a highway at such a speed that the automobile cannot be stopped within the distance within which objects can be seen ahead of the automobile. * * *

This court has placed its approval upon the doctrine that one driving at nighttime must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights." 61 Idaho at 650, 105 P.2d at 1079.

Similarly Elliott v. Lee, 71 Idaho 242, 229 P.2d 1000 (1951), held that a motorist blinded by the sun is required to exercise a greater degree of care and diligence than would be required if his vision were not impaired. See also McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547 (1932), and Annot. 22 A.L.R.2d 292 wherein it is stated that

"The general rules governing the duty owed to a pedestrian by a motorist blinded by approaching headlights have been expressed in the same terms as those governing his duty with respect to another vehicle or other obstruction in the road, that is, according to the jurisdiction, to exercise reasonable care under the circumstances, or to stop or proceed at his peril." 22 A.L.R.2d at 381.

▇ Whether respondent Loveland exercised that degree of care which would be exercised by a reasonable man driving in an area known to be populated with children while his vision was impaired by the bright lights of a parked car is an issue upon which reasonable men could differ and consequently should be submitted to a jury. The summary judgment, therefore, cannot be sustained on the ground that there is no genuine issue of fact regarding respondent Loveland's conduct. Whether his conduct constituted negligence under the circumstances is a question of fact for the jury.

As concerns the negligence of Mark Banner, the operator of the pickup truck, the plaintiffs claim that he was negligent in two respects. First they contend that he was negligent in depositing their daughter in a position from which she would have to cross the county road at dusk to reach her home. They assert that Mark Banner had a duty to deposit her on the other side of the highway or at least to

warn her of the dangers involved in crossing the road. The Banners in refutation of this contention rely on Chatterton v. Pocatello Post, 70 Idaho 480, 223 P.2d 389, 20 A.L.R.2d 783 (1950), where a driver deposited a thirteen year old boy across the street from the house to which he was delivering a newspaper. In crossing the street to make the delivery, he was struck by a car. It was there held that the driver had deposited the boy in a place of safety and consequently his action was not the proximate cause of the ensuing accident. However, the boy involved was thirteen years of age and thoroughly familiar with crossing streets from his experience in delivering newspapers.

■ Chatterton v. Pocatello Post, supra, must not be considered as authority for the proposition that under no circumstances can a driver who deposits a passenger in a place of safety be held responsible for subsequent injuries sustained by that passenger in crossing the street. There the court discussed the necessity for a breach of a duty to the passenger as a prerequisite to liability and in effect held that with a thirteen year old boy there was no duty beyond depositing him in a place of safety. Whether there was in the present case a duty and a breach of duty by Mark Banner, and whether that would be a proximate cause of the ensuing accident, are issues upon which reasonable men could differ, and thus it is our conclusion that these issues, as is generally the case with issues of negligence and proximate cause, were issues for resolution by a jury or finder of facts. Dewey v. Keller, 86 Idaho 506, 338 P.2d 988 (1964); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966); Lindhartsen v. Myler, 91 Idaho 269, 420 P.2d 259 (1966).

■ The Cranes also contend that Mark Banner was negligent in failing to dim his lights upon stopping his car on the side of the road. This conduct, they assert, was in violation of I.C. § 49–815(c), which requires lights on a parked vehicle to be dimmed. Banners contend, however, that Mark

was not "parked" within the meaning of that section because I.C. § 49–521(d) defines "park" so as to exclude vehicles temporarily stopped for the purpose of discharging passengers. Banners' contention, however, can afford them no aid, for if the Banner pickup truck was not "parked," still Mark Banner's failure to dim his lights was in violation of I.C. § 49–822, which imposes upon the driver of a vehicle operated upon a roadway or shoulder thereto the duty to dim his lights within 500 feet of an on-coming vehicle.

■ It is clear that these statutes were enacted for the purpose of protecting persons using the highways from the dangers resulting from the temporary blinding of motorists by bright headlights. Respondent Banner, however, contends that even if he were negligent in failing to dim his lights, his conduct was not the proximate cause of the accident because of the intervening and superseding negligence of respondent Loveland. Except in the quite rare situation in which reasonable minds could not reach different conclusions on the issue, the issue of proximate cause, like negligence and contributory negligence, is an issue for the jury to resolve. Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490 (1944); Lindhartsen v. Myler, supra; Lundy v. Hazen, supra. In Dewey v. Keller, supra, we held that

"It was for the jury to determine whether after the initial negligence of Keller there was a totally unanticipated, intervening and superseding cause which in fact became the proximate cause of the accident, and whether the antecedent negligence of Keller was therefore not the proximate cause or a contributing proximate cause of the accident. * * Under the principles as announced by this court, before an intervening superseding cause of an accident can become the sole proximate cause of the injury, and thus relieve the first negligent wrongdoer of liability, such subsequent cause must have been unforeseen, un-

anticipated and not a probable consequence of the original negligence. * * The intervention of a third person's negligence or of other and new direct causes of injury does not preclude recovery against the original negligent actor if the injury was the natural or probable result of the original wrong." 86 Idaho at 515, 388 P.2d at 993.

■■■ It is our opinion that whether Mark Banner's negligent failure to dim his lights was a proximate cause of the accident is also an issue for the jury's determination.

Because of the numerous genuine issues of material fact presented by this record, the trial court erred in granting the summary judgments. The judgments are reversed, and the cause remanded for further proceedings. Costs to plaintiffs.

McQUADE, DONALDSON, SHEPARD and SPEAR, JJ., concur.